[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE OF DEFENDANT MERRIAM MOTORS, INC.
INTRODUCTION
The defendant Merriam Motors, Inc. ("defendant") has moved to strike the fifth, sixth, tenth and eleventh counts of the complaint on the ground that they fail to allege legally sufficient causes of action.
DISCUSSION
 Fifth and Sixth Counts
The fifth count sounds in willful and serious misconduct. Paragraphs 1-6 of that count allege, as to the defendant, that:
 The plaintiff is the administratrix of the estate of Edmund Bogrette ("Bogrette");
Bogrette was employed by the defendant;
 Bogrette suffered fatal injuries on the defendant's premises while operating a forklift truck owned by the defendant.
The first portion of Paragraph 7 of the fifth count alleges that:
 "7. The plaintiff's injuries were caused by the willful and serious misconduct of employer Merriam Motors, Inc., in one or more of the following respects:"
The remainder of that Paragraph 7 consists of subparagraphs a) through l) which describe the defendant's acts which are CT Page 8545 alleged to constitute willful and serious misconduct.
The sixth count sounds in recklessness. Paragraphs 1 through 6 of that count are identical to Paragraphs 1-6 of the fifth count. The first portion of Paragraph 7 of the sixth count alleges that:
 "7. The plaintiff s injuries were caused by the recklessness of the employer Merriam Motors, in conscious disregard of the rights and safety of Edmund Bogrette and of the consequences of its actions, in one or more of the following respects:"
The remainder of that Paragraph 7 consists of Subparagraphs a) through l) which describe the defendant's acts which are alleged to constitute recklessness, in language identical to that contained in subparagraphs a) through l) of Paragraph 7 of the fifth count.
The seventh count sounds in negligence. Paragraphs 1 through 6 of the seventh count are identical to Paragraphs 1-6 of the fifth and sixth counts. The first portion of Paragraph 7 of the seventh count alleges that:
 "7. The plaintiff's injuries were caused by the negligence and carelessness of the employer Merriam Motors, Inc., who breached their duty care to the plaintiff in one or more of the following respects:"
The remainder of that Paragraph 7 consists of Subparagraphs a) through l) which describe the defendant's acts which are alleged to constitute negligence, in language identical to that contained in subparagraphs a) through l) of Paragraph 7 of both the fifth count and the sixth count.
If the allegations of the fifth count were contained in a one count complaint, those allegations would set forth a legally sufficient cause of action for willful and serious misconduct. Similarly, if the allegations of the sixth count were contained in a one count complaint, those allegations would set forth a legally sufficient cause of action for recklessness. Nonetheless, it is the defendant's position that the presence of a negligence count (seventh count) containing factual allegations identical to CT Page 8546 both the willful and serious misconduct count and the recklessness count transforms the allegations of the fifth and sixth counts from legally sufficient to legally insufficient. Reduced to its essence, the defendant's argument is that if particular acts described in a complaint are alleged to constitute negligence, those acts cannot also be alleged to constitute willful and serious misconduct and/or recklessness.
To the contrary, Connecticut practice permits pleading in the alternative; that is, one can allege a single set of facts and plead alternative or even inconsistent legal conclusions from those facts, leaving it to the trier to determine the proper legal characterization of the facts which are ultimately found.
Counts Ten and Eleven
The allegations of the tenth and eleventh counts are identical, respectively, to the allegations of the fifth and sixth counts, except that the tenth and eleventh counts each contain an allegation that the plaintiff, the widow of Baguette, suffered a loss of consortium. Since the cause of action for loss of consortium is derivative of the underlying action, and since the corresponding counts of the underlying complaint are not being stricken, the loss of consortium claims will not be stricken.
CONCLUSION
The motion to strike is denied, in all parts.
Levine, J. CT Page 8547